1 | **GREGORY A. DOUGLAS, ESQ. (SBN 147166)**
2 | **JAMIE McCRARY, ESQ. (SBN 287023)**
   | **LAW OFFICES OF GREGORY A. DOUGLAS**
3 | **4276 Katella Ave., #301**
   | **Los Alamitos, CA 90720**
4 | **Tel.:  (562) 252-8800**
5 | **Fax:  (562) 256-1006**
   | **greg@gdouglaslaw.com**
6 |
7 | Attorneys for Plaintiff
   | THOMAS KILLEEN
8 |
9 |
   | **UNITED STATES DISTRICT COURT**
10 |
   | **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**
11 |

| THOMAS KILLEEN, an individual, | Case No. **'23 CV 0827 BEN JLB** |
|---|---|
| PLAINTIFF, | **COMPLAINT FOR DAMAGES, RESTITUTION AND STATUTORY PENALTIES** |
| vs. | |
| LOUISIANA STATE UNIVERSITY, entity of unknown form; LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE, an entity of unknown form; DANIEL BARROW, an individual; DOES 1-10, business entit(ies), form(s) unknown; DOES 11-20, individual(s); and DOES 21-30, inclusive, | 1. **Failure to Pay Overtime [Lab. C. §§ 510, 558, 558.1, 1194, 1198, 2699, 2699.3 and IWC Orders];** |
| | 2. **Failure to Maintain Records [Lab. C. §§ 558, 558.1, 1174, 1174.5, 2699, 2699.3 and 2699.5];** |
| | 3. **Failure to Provide Accurate Itemized Statements [Lab. C. §§ 226, 226.3, & 558, 558.1, 2699, 2699.3 and 2699.5];** |
| Defendant(s). | 4. **Failure to Pay Wage on Established Paydays [Lab. C. §§ 204, 210, 2699 and 2699.3];** |
| | 5. **Failure to Pay all Wages at Time of Discharge [Lab. C. §§ 201, 202, 203, 227.3, 558, 558.1, 2699, 2699.3 and 2699.5];** |
| | 6. **Unfair Competition [B&PC § 17200-*et seq.*];** |
| | 7. **Failure to Permit the Inspection or** |

1

Copy of Records [Lab. C. §§ 226, 558, 558.1, 2699, 2699.3 and 2699.5];
8. **Wrongful Termination in Violation of Public Policy;**
9. **Wrongful Termination in Violation of California Labor Code Section 98.6;**
10. **Retaliation in Violation of Cal. Labor Code Section 1102.5;**
11. **Retaliation in Violation of California Fair Employment and Housing Act (Gov. Code § 12940);**
12. **Failure to Prevent Harassment and Retaliation (Gov. Code § 12900 et seq);**
13. **Wrongful Termination – Violation of Public Policy – FEHA, Govt. Code §§ 12940, et. seq.);**
14. **Intentional Infliction of Emotional Distress; and**
15. **Negligent Infliction of Emotional Distress**

**COMES NOW** Plaintiff THOMAS KILLEEN ("Plaintiff"), complains and alleges against the above-named Defendants LOUISIANA STATE UNIVERSITY, LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE, DANIEL BARROW, DOES 1-10, DOES 11-20, and DOES 21-30, inclusive (collectively "Defendants"), and each of them, for causes of action as follows:

## INTRODUCTION

1.    Plaintiff brings this action against Defendants, and each of them, for injunctive relief, damages, backpay, restitution, liquidated damages, civil penalties, prejudgment interest, costs, attorney's fees, and other appropriate relief for Defendants', and each of their violations of Orders of the Industrial Welfare Commission applicable to PLAINTIFF's industry and occupation, including, but not

limited to, Wage Order No. 4-2001 (collectively "Wage Orders"), and various sections of the California Labor Code ("Labor Code") as alleged in this Complaint, California Government Code ("Govt. Code") and California Business & Professions Code §§ 17200-et seq.

## JURISDICTION AND VENUE

2.      Jurisdiction is proper under 28 U.S.C. § 1332(a) because Plaintiff, a resident of California, seeks relief against three Defendants all residing in a different state. Defendants reside in the state of Louisiana. Jurisdiction is also proper because Plaintiff seeks damages that exceed the sum of $75,000.

3.      Venue in this district is proper pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants LOUISIANA STATE UNIVERSITY, LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE, DANIEL BARROW conducted business and a substantial part of the events and/or omissions giving rise to this claim occurred in this district.

## THE PARTIES

4.      THOMAS KILLEEN ("KILLEEN") is and, at all relevant times herein, was a resident of San Diego County, State of California.  At all relevant times herein, KILLEEN was employed by Defendants, and each of them, in the State of California.

5.      Plaintiff is informed and believes, and on that basis alleges, that Defendant LOUISIANA STATE UNIVERSITY ("LSU"), is and, at all relevant times herein, was conducting business under the laws of the State of California, in the County of San Diego, State of California.  At all relevant times herein, LSU was the employer of Plaintiff, in the State of California.

6.      Plaintiff is informed and believes, and on that basis alleges, that Defendant LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE ("LSU-AMC"), is and, at all relevant times herein, was conducting business under the laws of the State of California, in the County of San

LAW OFFICES OF
GREGORY A.
DOUGLAS

**PLAINTIFF'S COMPLAINT**

Diego, State of California.  At all relevant times herein, LSU-AMC was the employer of Plaintiff, in the State of California.

7.     Plaintiff is informed and believes, and on that basis alleges, that Defendant DANIEL BARROW ("BARROW"), is and, at all relevant times herein, was directing business conducted in the State of California and subject to the laws of the State of California, in the County of San Diego.   At all relevant times herein, BARROW was the employer of Plaintiff, in the State of California.

8.     Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1-10, but is informed and believes that DOES 1-10 are business entities (form unknown) and employers (joint or otherwise) of Plaintiff.  Plaintiff is ignorant of the true names and residences of defendants sued herein as DOES 11-20, but is informed and believes that DOES 11-20 are natural persons (individuals) and employers (joint or otherwise) of Plaintiff. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 21-30. Based upon the foregoing, Plaintiff sues DOES 1-10, DOES 11-20, and DOES 21-30 (collectively "DOE Defendants") by such fictitious names and capacities.   Plaintiff will amend this complaint to show said DOE Defendants' true names and capacities when they have been ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of the DOE Defendants acted wrongfully, maliciously, intentionally and negligently; violated the Wage Order, Government Code and other statutes as alleged in this Complaint; that each is legally responsible in some manner for the events, happenings, and/or occurrences alleged in this Complaint; and that the injuries and damages of Plaintiff were proximately caused by DOE Defendants, either through their own conduct or through the conduct of their agents and/or employees.

9.     Plaintiff is informed and believes, and on that basis alleges, that, at all relevant times herein Defendants, and each of them, employed persons, conducted business in, and paid Plaintiff by illegal payroll practices and policies in the County of San Diego.

10.    Whenever, in this Complaint, a reference is made to "and each of them" when referring to Defendants, such allegation shall be deemed to mean the referenced Defendants individually, jointly, and/or severally.

11.    Whenever, in this Complaint, a reference is made to "at all relevant times," such allegation shall be deemed to mean Plaintiff's employment with Defendants, and each of them, starting from the four-year period preceding the date the parties entered into a tolling agreement, on December 8, 2022, through and including the date of termination of the employment relationship between Plaintiff and Defendants, and each of them, respectively.

## AGENCY ALLEGATIONS

12.    PLAINTIFF is informed and believes, and thereon alleges, that, at all relevant times herein, DEFENDANTS, and each of them, were the partner, officer, director, agent, employee, servant and/or representative of each of the remaining DEFENDANTS, and in doing the things as alleged in this Complaint, were acting within the course, scope, and/or authority of such agency, service, employment, partnership and/or joint venture, and with the consent, knowledge, approval and ratification of each of the other DEFENDANTS.

13.    PLAINTIFF is informed and believes, and on that basis alleges, that DEFENDANTS, and each of them, at all relevant times herein:

    a.  Managed the business for which PLAINTIFF was employed;

    b.  Exercised and/or employed direct control over the wages, hours, and working conditions of PLAINTIFF, whether personally or through an agent or any other person;

    c.  Exercised and/or employed indirect control over the wages, hours, and working conditions of PLAINTIFF, whether personally or through an agent or any other person;

    d.  Authorized, directed, sanctioned, consented, cooperated, approved, aided, instigated, assisted, participated in, made the decision to, and/or

LAW OFFICES OF
GREGORY A.
DOUGLAS

**5**

**PLAINTIFF'S COMPLAINT**

voted for the misclassification and/or wrongful treatment of PLAINTIFF as an exempt employee for purposes of exemption from the applicable Govt. Code, Wage Orders and/or Labor Code;

e. Authorized, directed, sanctioned, consented, cooperated, approved, aided, instigated, assisted, participated in, made the decision to, and/or voted for the tortuous and unlawful acts of commission or omission which are in violation of the applicable Govt. Code, Wage Orders and/or Labor Code, as alleged in this Complaint, and incorporated herein by reference;

f. Authorized, directed, sanctioned, consented, cooperated, approved, aided, instigated, assisted, participated in, made the decision to, and/or voted for the tortuous and unlawful acts of commission or omission which caused the other DEFENDANTS, and each of them, to violate the applicable Govt. Code, Wage Orders and/or Labor Code, as alleged in this Complaint, and incorporated herein by reference;

g. Authorized, directed, sanctioned, consented, cooperated, approved, aided, instigated, assisted, participated in, made the decision to, and/or voted for the tortuous and unlawful acts of commission or omission which have operated to the injury and prejudice of PLAINTIFF, as alleged in this Complaint, and incorporated herein by reference;

h. Knew or reasonably should have known that his/her/its conduct and/or conduct under his/her/its control was in violation of the applicable Govt. Code, Wage Orders and/or Labor Code, and he/she/it failed to take or order appropriate action to remedy and/or avoid the violation of the applicable Govt. Code, Wage Orders and/or Labor Code as alleged in this Complaint, and incorporated herein by reference;

i. Knew or reasonably should have known that his/her/its conduct and/or conduct under his/her/its control caused the other DEFENDANTS, and

LAW OFFICES OF
GREGORY A.
DOUGLAS

each of them, to violate the applicable Govt. Code, Wage Orders and/or Labor Code, and he/she/it failed to take or order appropriate action to remedy and/or avoid the violation of the applicable Govt. Code, Wage Orders and/or Labor Code by the other DEFENDANTS, and each of them, as alleged in this Complaint, and incorporated herein by reference;

j.  Knew or reasonably should have known that his/her/its conduct and/or conduct under his/her/its control was injuring PLAINTIFF and he/she/it failed to take or order appropriate action to avoid the harm;

k.  Acting in concert, knowingly and willfully conspired among themselves and agreed to and did institute a plan pursuant to which the DEFENDANTS, and each of them, required PLAINTIFF to work unpaid overtime hours notwithstanding the fact that PLAINTIFF was not exempt from the requirement to pay overtime compensation under any applicable exemption under the Govt. Code, Wage Orders and/or Labor Code;

l.  Furthered the conspiracy by cooperation with *or* lent aid and encouragement to *or* ratified and adopted the acts of each of the other DEFENDANTS, and each of them, including, but not limited to, their refusal and failure to ensure proper payment of wages to PLAINTIFF and instead voting for or otherwise approving continuing unlawful wage practices, refusing to properly investigate and ensure PLAINTIFF was treated in compliance with the applicable Govt. Code, Wage Orders and Labor Code, as alleged in this Complaint, and instead voting for or otherwise approving continued violations of the applicable Govt. Code, Wage Orders and Labor Code and breaches of duty.

LAW OFFICES OF
GREGORY A.
DOUGLAS

**ALTER EGO ALLEGATIONS**

14.    Plaintiff is informed and believes, and on that basis alleges, that at all times herein mentioned, each of the Defendants was the alter ego of the remaining Defendants, and as hereinafter alleged, was acting for their own benefit and/or the benefit of one or more of the remaining Defendants. Plaintiff is informed and believes, and thereon alleges, that there exists a unity of ownership and interest, between one or more of Defendants herein and one or more of the other Defendants herein, such that any individuality and separateness between said Defendants has ceased, and the said other Defendants, and each of them, was at all times relevant to Plaintiff's claim, the alter ego of and all other Defendants.

15.    Plaintiff is informed and believes, and on that basis alleges, that the Court's adherence to the fiction of the separate existence of any or all Defendants as entities distinct from the other Defendants would permit an abuse of the corporate privilege, would sanction fraud and/or promote injustice in that said Defendants, and each of them, have defaulted on their individual and collective obligations to Plaintiff under California law.

16.    Plaintiff is informed and believes, and on that basis alleges, that one or more of Defendants herein was an entity which is, and at all times herein mentioned was, controlled, dominated, and operated by one or more of the other Defendants and in that the activities and business of the other Defendants was carried on without the holding of director's or shareholders meetings and no records or minutes of any corporate proceedings were maintained.

17.    Plaintiff is informed and believes, and on that basis alleges, that one or more of Defendants herein, and all other business entity Defendants herein, is and at all times herein mentioned was, a mere shell and sham without the requisite capital and assets. Thus, said all other business entity Defendants herein, is and at all times herein mentioned was, so inadequately capitalized that, compared with the business to be

**PLAINTIFF'S COMPLAINT**

LAW OFFICES OF
GREGORY A.
DOUGLAS

done by Defendants, said capitalization was inadequate to do business properly and legally under California and/or federal law.

18.     At all relevant times herein, Defendants, and each of them, were subject to the Govt. Code, Labor Codes of the State of California, and to the existing and applicable Wage Orders.

## FACTS COMMON TO ALL CAUSES OF ACTION

19.     At all relevant times herein, the employment of PLAINTIFF was subject to the provisions of the Labor Code and to the Wage Orders. At all relevant times herein, the Wage Orders applied to the wages, hours, and working conditions of PLAINTIFF employed by DEFENDANTS, and each of them.

20.     THOMAS KILLEEN was employed as an academic recruiter with DEFENDANTS, and each of them, continuously from on or about May 2017 until termination of the employment relationship on or about July 6, 2022.  KILLEEN's job title did not necessarily accurately describe the work performed.

21.     At all relevant times, KILLEEN was not primarily engaged (more than 50 percent of the time) in duties that meet any of the exemptions as defined in the Wage Orders and Labor Code. At all relevant times, KILLEEN was a non-exempt employee entitled to the protections of the Wage Orders and Labor Code as alleged in this Complaint, and incorporated herein by reference.

22.     At all relevant times herein, KILLEEN routinely worked in excess of eight (8) hours per day and forty (40) hours per week. At all relevant times herein, DEFENDANTS, and each of them, routinely and systematically failed to properly record accurate time records for KILLEEN showing when KILLEEN began and ended each work period.

23.     At all relevant times herein, KILLEEN was typically paid a wage, without regard to the amount of hours actually worked by KILLEEN ("Wage Rate").

24.     By failing to properly record the actual hours worked by KILLEEN, and paying to KILLEEN the Wage Rate regardless of hours worked by KILLEEN,

**PLAINTIFF'S COMPLAINT**

LAW OFFICES OF
GREGORY A.
DOUGLAS

DEFENDANTS, and each of them, routinely and systematically failed to compensate KILLEEN for all wages to which KILLEEN was entitled.

25.     PLAINTIFF is informed and believes, and thereon alleges, that at all relevant times herein, KILLEEN was entitled to an hourly rate of pay of approximately $25.35 per hour.

26.     DEFENDANTS, and each of them, routinely and systematically failed to pay to PLAINTIFF all wages owed for all hours actually worked. PLAINTIFF complained to DEFENDANTS, and each of them, about this fact, to no avail. In fact, PLAINTIFF was terminated as a result of the complaints made.

27.     Throughout PLAINTIFF's employment, DEFENDANTS, and each of them, failed to provide PLAINTIFF with accurate itemized wage statements showing the correct number of hours worked by PLAINTIFF at the effective regular and overtime rates of pay applicable to those hours worked.

28.     On or about June 13, 2022, PLAINTIFF sent a letter to DEFENDANTS LSU, LSU-AMC, and BARROW requesting to inspect or copy PLAINTIFF's employment records, as soon as practicable, but no later than 21 calendar days from the date of the request. DEFENDANTS LSU, LSU-AMC, and BARROW failed and refused to permit PLAINTIFF to inspect or copy PLAINTIFF's employment records within the time set forth in Labor Code § 226 (c).

29.     KILLEEN was retaliated against and ultimately wrongfully terminated from his position in retaliation for making a bone fide complaint regarding his compensation and classification as an exempt employee. The facts surrounding the retaliation and wrongful termination are set forth below:

  a. May 2, 2022: PLAINTIFF calls and emails DEFENDANT regarding concerns over his exempt classification and advises an agent of DEFENDANT that he is not properly classified as exempt and is entitled to overtime compensation.

LAW OFFICES OF
GREGORY A.
DOUGLAS

b.  May 9, 2022: DEFENDANT'S employee confirms to PLAINTFF that she forwarded information and PLAINTIFF'S concerns to Human Resources.

c.  May 9, 2022: PLAINTIFF confirms his acknowledgement in an email

d.  May 17, 2022: DEFENDANT'S employee/agent confirms in an email to PLAINTIFF that Human Resources is reviewing the information and complaint provided by PLAINTIFF.

e.  May 18, 2022: PLAINTIFF confirms receipt of May 17th email update.

f.  May 18, 2022: DEFENDANT'S employee/agent advises PLAINTIFF that it may take some time until PLAINTIFF gets a response from Human Resources.

g.  June 10, 2022: PLAINTIFF receives a call from his supervisor who advises PLAINTIFF to join a call/meeting with himself (supervisor) and DEFENDANT'S director. During the meeting, PLAINTIFF is advised that DEFENDANT will be revoking his work agreement. No discussion is had as to PLAINTIFF'S complaints that were made regarding his misclassification and unpaid overtime.

h.  Prior to the June 10, 2022, meeting PLAINTIFF had no disciplinary actions and was a top performer/recruiter for DEFENDANT.

i.  DEFENDANT terminated PLAINTIFF'S work agreement in direct retaliation for PLAINTIFF making a complaint about his classification and compensation.

30.  As a direct and proximate result of the conduct of DEFENDANTS, and each of them, in violation of Labor Codes and Wage Orders, PLAINTIFF has suffered, and continues to suffer losses related to the use and enjoyment of wages and lost interest on such wages all to PLAINTIFF's damage, respectively, in amounts according to proof at trial.

LAW OFFICES OF
GREGORY A.
DOUGLAS

## <u>CONDITIONS PRECEDENT TO FILING ACTION</u>

31.   KILLEEN has complied with all required conditions precedent prior to filing this action. KILLEEN has complied with all pre-lawsuit filing requirements, including, but not limited to, the following administrative exhaustion events:

> a. KILLEEN received a Right-to-Sue letter from the California Department of Fair Housing and Employment ("DFEH") on May 4, 2023.

32.   KILLEEN filed a notice with the California Labor Workforce Development Agency on August 11, 2022.

### FIRST CAUSE OF ACTION

**(Failure to Pay Overtime – Labor Code §§ 510, 558, 558.1, 1194, 1198, 2699, 2699.3 and Section 3 of the Applicable Wage Orders Against All DEFENDANTS)**

33.   PLAINTIFF re-alleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

34.   Pursuant to Labor Code §§ 510, 558, 558.1, 1194, 1198 and related statutes, and also pursuant to Section 3 of the Wage Orders applicable to PLAINTIFF's industry and occupation, DEFENDANTS, and each of them, were required to compensate PLAINTIFF overtime compensation at prescribed hourly overtime rates for all overtime hours actually worked.

35.   At all relevant times herein, DEFENDANTS, and each of them, have failed and refused to properly calculate overtime compensation to PLAINTIFF as required by law.

36.   At all relevant times herein, DEFENDANTS, and each of them, routinely and systematically failed to properly record accurate time records for PLAINTIFF, showing when PLAINTIFF began and ended each work period.

37.   At all relevant times herein, DEFENDANTS, and each of them, paid PLAINTIFF's Wage Rate regardless of the actual hours worked.

LAW OFFICES OF
GREGORY A.
DOUGLAS

38.     By failing to properly record the actual hours worked by PLAINTIFF, and paying to PLAINTIFF the Wage Rate regardless of the actual hours worked, DEFENDANTS, and each of them, routinely and systematically failed to pay PLAINTIFF for the premium pay for all of PLAINTIFF's overtime hours as required by Labor Code §§ 510, 558, 558.1, 1194, 1198 and related statutes, and also pursuant to Section 3 of the Wage Orders applicable to PLAINTIFF's industry and occupation.

39.     At all relevant times herein, DEFENDANTS, and each of them, failed and refused to compensate PLAINTIFF for overtime hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, as required under the aforementioned labor regulations. Specifically, DEFENDANTS, and each of them, failed to compensate PLAINTIFF for overtime hours worked in excess of eight (8) hours per day, forty (40) hours per week, and/or for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek at one and one-half (1½) times the regular rate of pay; and/or double-time hours for hours worked in excess of twelve (12) hours per day and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive workday.

40.     As a direct and proximate result of the willful, knowing, and intentional violation of Labor Code §§ 510 and 1198, and/or section 3 of the Wage Orders regulating hours and days of work by DEFENDANTS, and each of them, PLAINTIFF has been damaged in that the PLAINTIFF has not received all wages due and owing, and has suffered, and continues to suffer losses related to the use and enjoyment of wages and lost interest on such wages all to PLAINTIFF's damage in amounts according to proof at trial.

41.     As a direct and proximate result of the conduct of DEFENDANTS, and each of them, in violation of Labor Code §§ 510 and 1198, and/or section 3 of the Wage Orders regulating hours and days of work, PLAINTIFF is entitled, pursuant to Labor Code § 1194(a), to recover the unpaid balance of the full amount of this overtime wage

compensation due, including interest thereon, together with reasonable attorney's fees and costs of suit.

42.     Labor Code § 558 provides for a civil penalty to be assessed against any employer or other person acting on behalf of an employer who violates, or causes to be violated Labor Code § 510 and/or section 3 of the Wage Orders, regulating hours and days of work.

43.     PLAINTIFF is informed and believes, and on that basis alleges, that DEFENDANTS, and each of them, at all relevant times herein, were PLAINTIFF's employer or acting on behalf of PLAINTIFF's employer pursuant to Labor Code § 558 for purposes of the Labor Code violations alleged in this cause of action, and are therefore subject to civil penalties payable to PLAINTIFF.

44.     PLAINTIFF is informed and believes, and on that basis alleges, that DEFENDANTS, and each of them, at all relevant times herein, were PLAINTIFF's "employer" as defined by the Wage Orders for purposes of violations of Wage Orders alleged in this cause of action, and are therefore subject to civil penalties payable to PLAINTIFF. The Wage Orders define "employer" as any person "who directly or indirectly, or through an agent or any other person, employs or exercises control over wages, hours, or working conditions of any person."

45.     As a direct and proximate result of the conduct of DEFENDANTS, and each of them, in violation of Labor Code § 510 and/or section 3 of the Wage Orders, PLAINTIFF is entitled, pursuant to Labor Code § 558, 2699, 2699.3, to recover a penalty of $50 for each underpaid employee for each pay period for which the employee is underpaid in addition to an amount sufficient to recover underpaid wages for any initial violation; and $100 for each underpaid employee for each pay period for which the employee is underpaid in additional to an amount sufficient to recover unpaid wages for each subsequent violation.

46.     Labor Code § 558.1 is broader than section 558. It applies to "[a]ny employer or other person acting on behalf of an employer, who violates, or causes to be

**PLAINTIFF'S COMPLAINT**

LAW OFFICES OF
GREGORY A.
DOUGLAS

violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802."

47.     Section 558.1(a) states clearly that any such person "may be held liable as the employer for such violation." Section 558.1(b) limits the term "other person acting on behalf of an employer" to "a natural person who is an owner, director, officer, or managing agent of the employer, and the term "managing agent" has the same meaning as in subdivision (b) of Section 3294 of the Civil Code."

48.     Pursuant to Section 558.1, DEFENDANTS are liable for damages to PLAINTIFF set forth in this cause of action.

49.     PLAINTIFF has complied with the Notice requirements of Labor Code § 2699.3(a)(1), as set for in paragraph 2 regarding the violations of the Labor Code alleged in this cause of action, prior to commencing this action. PLAINTIFF therefore has a private right of action against DEFENDANTS, and each of them, for penalties under Labor Code §§ 2698-2699.5.

## SECOND CAUSE OF ACTION

### (Failure to Maintain Records - Labor Code §§ 558, 558.1, 1174, 1174.5, 2699, 2699.3, and 2699.5 Against ALL DEFENDANTS)

50.     PLAINTIFF re-alleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

51.     Labor Code § 1174 (c) and (d) requires employers to keep records showing the names and addresses of all employees employed and the ages of all minors, and to keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These

records are required to be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

52.    At all relevant times herein, LSU, LSU-AMC, and BARROW, DOES 1-10, and DOES 11-20 knowingly, intentionally, and willfully violated Labor Code § 1174 (c) and (d) by knowingly, intentionally, and willfully failing to keep accurate and complete payroll records reflecting the number of hours worked daily by PLAINTIFF and the wages paid to PLAINTIFF.

53.    Labor Code § 1174.5 provides that any person employing labor who willfully fails to maintain the records required by Labor Code § 1174 (c), or accurate and complete records required by Labor Code § 1174 (d), shall be subject to a civil penalty in the amount of $500.

54.    Labor Code § 558 provides for a civil penalty to be assessed against any employer or other person acting on behalf of an employer who violates, or causes to be violated, a provision of the California Labor Code regulating wages, hours and working conditions.

55.    PLAINTIFF is informed and believes, and on that basis alleges, that Defendants, and each of them, at all relevant times herein, were PLAINTIFF's employer or acting on behalf of PLAINTIFF's employer pursuant to Labor Code § 558 for purposes of the Labor Code violations alleged in this cause of action, and are therefore subject to civil penalties payable to PLAINTIFF.

56.    Labor Code § 558.1 is broader than section 558. It applies to "[a]ny employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802."

57.    Section 558.1(a) states clearly that any such person "may be held liable as the employer for such violation." Section 558.1(b) limits the term "other person acting on behalf of an employer" to "a natural person who is an owner, director, officer,

or managing agent of the employer, and the term "managing agent" has the same meaning as in subdivision (b) of Section 3294 of the Civil Code."

58.     Pursuant to Section 558.1, DEFENDANTS are liable for damages to PLAINTIFF set forth in this cause of action.

59.     As a direct and proximate result of the willful conduct of LSU, LSU-AMC, and BARROW, DOES 1-10, and DOES 11-20 in violation of Labor Code §§ 558, 1174 (c) and (d), PLAINTIFF is entitled to an award of a civil penalty in the amount of $500 pursuant to Labor Code § 1174.5.

60.     PLAINTIFF has complied with the Notice requirements of Labor Code § 2699.3(a)(1), as set for in paragraph 2 regarding the violations of the Labor Code alleged in this cause of action, prior to commencing this action. PLAINTIFF therefore has a private right of action against DEFENDANTS, and each of them, for penalties under Labor Code §§ 2698-2699.5.

**THIRD CAUSE OF ACTION**

**(Failure to Provide Accurate Itemized Statements - Labor Code §§ 226, 226.3, 553, 558, 558.1, 2699, 2699.3 and 2699.5 Against LSU, LSU-AMC, BARROW, DOES 1-10, and DOES 11-20)**

61.     PLAINTIFF re-alleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

62.     Labor Code § 226(a) requires employers, semimonthly or at the time of each payment of wages, to furnish each of its employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units and rates, if applicable, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect

during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

63.     Labor Code § 558 provides for a civil penalty to be assessed against any employer or other person acting on behalf of an employer who violates, or causes to be violated, a provision of the California Labor Code regulating wages, hours and working conditions.

64.     PLAINTIFF is informed and believes, and on that basis alleges, that Defendants, and each of them, at all relevant times herein, were PLAINTIFF's employer or acting on behalf of PLAINTIFF's employer pursuant to Labor Code § 558 for purposes of the Labor Code violations alleged in this cause of action, and are therefore subject to civil penalties payable to PLAINTIFF.

65.     At all relevant times herein, LSU, LSU-AMC, BARROW, DOES 1-10, and DOES 11-20 knowingly and intentionally violated Labor Code § 226 by knowingly and intentionally failing to provide PLAINTIFF with properly and accurately itemize statements reflecting the number of hours worked by PLAINTIFF at the effective regular rates of pay and the effective overtime rates of pay.

66.     As a direct and proximate result of the conduct of LSU, LSU-AMC, BARROW, DOES 1-10, and DOES 11-20 in violation of Labor Code § 226(a), PLAINTIFF has suffered injury. These injuries include, but are not limited to, costs expended calculating PLAINTIFF's actual hours worked and the amount of employment taxes which were not properly paid to state and federal tax authorities, which are difficult to estimate.

67.     As a direct and proximate result of the conduct of LSU, LSU-AMC, BARROW, DOES 1-10, and DOES 11-20 in violation of Labor Code § 226(a), PLAINTIFF is entitled to recover the greater of all actual damages or $50 for the initial pay period in which the violation occurred, and $100.00 per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of $4,000, and is entitled to an award of costs and reasonable attorney's fees.

68.     Labor Code § 226.3 provides that any employer who violates Labor Code § 226(a), or who fails to keep the records required in Labor Code § 226(a) shall be subject to a civil penalty in the amount of $250 per employee per violation in an initial citation and $1,000 per employee for each violation in a subsequent citation.

69.     Labor Code § 558.1 is broader than section 558. It applies to "[a]ny employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802."

70.     Section 558.1(a) states clearly that any such person "may be held liable as the employer for such violation." Section 558.1(b) limits the term "other person acting on behalf of an employer" to "a natural person who is an owner, director, officer, or managing agent of the employer, and the term "managing agent" has the same meaning as in subdivision (b) of Section 3294 of the Civil Code."

71.     Pursuant to Section 558.1, DEFENDANTS are liable for damages to PLAINTIFF set forth in this cause of action.

72.     As a direct and proximate result of knowing and intentional conduct of LSU, LSU-AMC, BARROW, DOES 1-10, and DOES 11-20 in violation of Labor Code § 226, PLAINTIFF is entitled to an award of civil penalties pursuant to Labor Code § 226.3.

73.     PLAINTIFF has complied with the Notice requirements of Labor Code § 2699.3(a)(1), as set for in paragraph 2 regarding the violations of the Labor Code alleged in this cause of action, prior to commencing this action. PLAINTIFF therefore has a private right of action against DEFENDANTS, and each of them, for penalties under Labor Code §§ 2698-2699.5.

///

///

///

**FOURTH CAUSE OF ACTION**

**(Failure to Pay Wage on Regularly Established Paydays– Labor Code §§ 204, 210, 2699, and 2699.3 Against All DEFENDANTS)**

74.    PLAINTIFF re-alleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

75.    Labor Code § 204 provides in part that "all wages,…,earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays…"

76.    At all relevant times herein, DEFENDANTS, and each of them, failed to pay to PLAINTIFF, on regularly established paydays, all earned wages to which PLAINTIFF was entitled, respectively, under the Labor Code and applicable Wage Orders, as alleged in this Complaint, and incorporated herein by reference.

77.    In violation of Labor Code § 204, DEFENDANTS, and each of them, at all relevant times herein, willfully and intentionally refused to perform their obligations to compensate PLAINTIFF for all wages earned.

78.    Labor Code § 210 provides for a civil penalty to be assessed against "every person" who fails to pay the wages of each employee as provided in Labor Code § 204.

79.    PLAINTIFF is informed and believes, and on that basis alleges, that DEFENDANTS, and each of them, at all relevant times herein, were "person[s]" under Labor Code § 210 for purposes of the Labor Code violations alleged in this cause of action, and are therefore subject to civil penalties payable to PLAINTIFF.

80.    As a direct and proximate result of the conduct of DEFENDANTS, and each of them, in violation of Labor Code § 204, PLAINTIFF is entitled, pursuant to Labor Code § 210 to recover a penalty of $100 for failure to pay each employee for the initial violation; and $200 for each failure to pay each employee, plus 25 percent of the

LAW OFFICES OF
GREGORY A.
DOUGLAS

amount unlawfully withheld for each subsequent violation, or any willful or intentional violation.

81.     As a direct and proximate result of the conduct of DEFENDANTS, and each of them, in violation of Labor Code § 204, PLAINTIFF is entitled, pursuant to Labor Code §§ 210, 2699, and 2699.3, to recover a penalty of $100 for failure to pay each employee for the initial violation; and $200 for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld for each subsequent violation, or any willful or intentional violation.

82.     PLAINTIFF has complied with the Notice requirements of Labor Code § 2699.3(a)(1), as set for in paragraph 2 regarding the violations of the Labor Code alleged in this cause of action, prior to commencing this action. PLAINTIFF therefore has a private right of action against DEFENDANTS, and each of them, for penalties under Labor Code §§ 2698-2699.5.

**FIFTH CAUSE OF ACTION**

**(Failure to Pay all Wages at Time of Discharge - Labor Code §§ 201, 202, 203, 227.3, 558, 558.1, 2699, 2699.3 and 2699.5 Against LSU, LSU-AMC, BARROW, DOES 1-10, and DOES 11-20)**

83.     PLAINTIFF re-alleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

84.     Labor Code § 201(a) provides "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately…"

85.     Labor Code § 202(a) provides "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

86.     Labor Code § 227.3 provides "…whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served…"

87.     Upon termination of PLAINTIFF's employment relationship, LSU, LSU-AMC, BARROW, DOES 1-10, and DOES 11-20 willfully failed and refused to timely pay to PLAINTIFF, pursuant to Labor Code §§ 201(a) and 202(a), respectively, all wages earned as alleged in this Complaint, and incorporated herein by reference.

88.     Labor Code § 558 provides for a civil penalty to be assessed against any employer or other person acting on behalf of an employer who violates, or causes to be violated, a provision of the California Labor Code regulating wages, hours and working conditions.

89.     PLAINTIFF is informed and believes, and on that basis alleges, that Defendants, and each of them, at all relevant times herein, were PLAINTIFF's employer or acting on behalf of PLAINTIFF's employer pursuant to Labor Code § 558 for purposes of the Labor Code violations alleged in this cause of action, and are therefore subject to civil penalties payable to PLAINTIFF.

90.     LSU, LSU-AMC, BARROW, DOES 1-10, and DOES 11-20 continue to willfully fail and refuse to pay to PLAINTIFF all wages earned as alleged in this Complaint, and incorporated herein by reference.

91.     Labor Code § 558.1 is broader than section 558. It applies to "[a]ny employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802."

92.     Section 558.1(a) states clearly that any such person "may be held liable as the employer for such violation." Section 558.1(b) limits the term "other person

**PLAINTIFF'S COMPLAINT**

LAW OFFICES OF
GREGORY A.
DOUGLAS

acting on behalf of an employer" to "a natural person who is an owner, director, officer, or managing agent of the employer, and the term "managing agent" has the same meaning as in subdivision (b) of Section 3294 of the Civil Code."

93.    Pursuant to Section 558.1, DEFENDANTS are liable for damages to PLAINTIFF set forth in this cause of action.

94.    As a direct and proximate result of the willful conduct of LSU, LSU-AMC, BARROW, DOES 1-10, and DOES 11-20 in violation of Labor Code §§ 201, 202, and 227.3, PLAINTIFF is entitled, pursuant to Labor Code § 203, to recover waiting time penalties, calculated as a continuance of PLAINTIFF's wages from the due date of the wage at the same rate until paid or until an action therefore is commenced, up to and including 30 days.

95.    As a direct and proximate result of the willful conduct of LSU, LSU-AMC, BARROW, DOES 1-10, and DOES 11-20 in violation of Labor Code §§ 201, 202, and 227.3, PLAINTIFF is entitled, pursuant to Labor Code § 203, 2699, and 2699.3, to recover waiting time penalties, calculated as a continuance of PLAINTIFF's wages from the due date of the wage at the same rate until paid or until an action therefore is commenced, up to and including 30 days.

96.    PLAINTIFF has complied with the Notice requirements of Labor Code § 2699.3(a)(1), as set for in paragraph 2 regarding the violations of the Labor Code alleged in this cause of action, prior to commencing this action. PLAINTIFF therefore has a private right of action against LSU, LSU-AMC, BARROW, DOES 1-10, and DOES 11-20 for penalties under Labor Code §§ 2698-2699.5.

///
///
///
///
///
///

**SIXTH CAUSE OF ACTION**

**(For Unfair Competition in Violation of Unfair Business Practices- Business & Professions Code §§ 17200 et. seq. Against LSU, LSU-AMC, DOES 1-10, and DOES 11-20)**

97.     PLAINTIFF re-alleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

98.     California Business & Professions Code §§ 17200-et seq. prohibits acts of unfair competition, which includes any "unlawful and unfair business practices."

99.     The conduct by DEFENDANTS, and each them, as alleged herein, have been and continue to be unfair, unlawful, and deleterious to PLAINTIFF herein. PLAINTIFF hereby seeks to enforce important rights within the meaning of Code of Civil Procedure § 1021.5.   PLAINTIFF is a "person" within the meaning of the Business & Professions Code § 17204, and therefore possesses standing to bring this suit for injunctive relief and restitution.

100.     It is the policy of this State to enforce minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect those employers who comply with the law from losing competitive advantage to other employers who fail to comply with labor standards and requirements.

101.     Through the conduct alleged herein, DEFENDANTS, and each of them, acted contrary to these public policies and have engaged in unlawful and/or unfair business practices in violation of Business & Professions Code §§ 17200 et. seq., depriving PLAINTIFF herein, of the rights, benefits, and privileges guaranteed to employees under California law.

102.     DEFENDANTS, and each of them, regularly and routinely violated the Wage Orders and Labor Code with respect to PLAINTIFF as alleged in this Complaint, and incorporated herein by reference.

LAW OFFICES OF
GREGORY A.
DOUGLAS

103.    DEFENDANTS, and each of them, regularly and routinely failed to provide PLAINTIFF adequate meal and rest breaks as required by the applicable Wage Order of the Industrial Welfare Commission and California Labor Code § 226.7. DEFENDANTS acts constitute unfair and unlawful business practices under Business and Professions Code § 17200, et seq.

104.    By engaging in theses business practices, which are unfair business practices within the meaning of Business & Professions Code §§ 17200-et. seq., DEFENDANTS, and each of them, harmed PLAINTIFF herein, and thus by that design and plan gained an unfair competitive edge in the marketplace.

105.    Under Business & Professions Code § 17203, PLAINTIFF is entitled to obtain restitution of these funds from LSU, LSU-AMC, BARROW, DOES 1-10, and DOES 11-20 on behalf of himself and others affected by the unfair business practices of DEFENDANTS, and each of them, as enumerated herein.

106.    Pursuant to Business & Professions Code § 17203, injunctive relief is necessary to prevent DEFENDANTS, and each of them, from continuing to engage in the unfair business practices as alleged herein.  PLAINTIFF is informed and believes, and based thereon alleges, that DEFENDANTS, and each of them, and persons acting in concert with them, have committed and will continue to commit the above unlawful acts unless restrained or enjoined by this Court. Unless the relief prayed for below is granted, a multiplicity of actions will result.  PLAINTIFF has no plain, speedy, or adequate remedy at law, in that pecuniary compensation would not afford adequate and complete relief.  The above-described acts will cause great and irreparable damage to PLAINTIFF herein, unless DEFENDANTS, and each of them, are restrained from committing further illegal acts.

107.    PLAINTIFF's success in this action will result in the enforcement of important rights. Private enforcement of the rights enumerated in this complaint is necessary, as public agencies have only sought limited enforcement of those rights, if any. PLAINTIFF, individually and by and through counsel, has incurred and continues

LAW OFFICES OF
GREGORY A.
DOUGLAS

to incur a financial burden in pursuing this action. PLAINTIFF further seeks to enjoin the above-referenced unlawful actions under the Labor Code. Therefore, PLAINTIFF seeks an award of attorney's fees and costs of suit on this cause of action pursuant to Code of Civil Procedure § 1021.5 and other applicable Labor Code sections.

## SEVENTH CAUSE OF ACTION

**(Failure to Permit the Inspection or Copy of Records - Labor Code § 226, 558, 558.1, 2699, 2699.3, and 2699.5 Against LSU, LSU-AMC, BARROW, DOES 1-10, and DOES 11-20)**

108.    PLAINTIFF re-alleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

109.    Labor Code § 226 (b) and (c) requires an employer to afford current and former employees the right to inspect or copy records pertaining to that current or former employee, upon reasonable request to the employer, as soon as practicable, but no later than 21 calendar days from the date of the request.

110.    Notwithstanding PLAINTIFF's reasonable request to inspect or copy their respective employment records, LSU, LSU-AMC, BARROW, DOES 1-10, and DOES 11-20 failed and refused to permit PLAINTIFF to inspect or copy PLAINTIFF's employment records within the time set forth in Labor Code § 226 (c).

111.    LSU, LSU-AMC, BARROW, DOES 1-10, and DOES 11-20 continue to fail and refuse to permit PLAINTIFF to inspect or copy PLAINTIFF's employment records.

112.    Labor Code § 558 provides for a civil penalty to be assessed against any employer or other person acting on behalf of an employer who violates, or causes to be violated, a provision of the California Labor Code regulating wages, hours and working conditions.

113.    PLAINTIFF is informed and believes, and on that basis alleges, that Defendants, and each of them, at all relevant times herein, were PLAINTIFF's

employer or acting on behalf of PLAINTIFF's employer pursuant to Labor Code § 558 for purposes of the Labor Code violations alleged in this cause of action, and are therefore subject to civil penalties payable to PLAINTIFF.

114. Labor Code § 558.1 is broader than section 558. It applies to "[a]ny employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802."

115. Section 558.1(a) states clearly that any such person "may be held liable as the employer for such violation." Section 558.1(b) limits the term "other person acting on behalf of an employer" to "a natural person who is an owner, director, officer, or managing agent of the employer, and the term "managing agent" has the same meaning as in subdivision (b) of Section 3294 of the Civil Code."

116. Pursuant to Section 558.1, DEFENDANTS are liable for damages to PLAINTIFF set forth in this cause of action.

117. As a direct and proximate result of the conduct of LSU, LSU-AMC, BARROW, DOES 1-10, and DOES 11-20 in violation of Labor Code § 226 (b) and (c), PLAINTIFF is entitled, pursuant to Labor Code § 226 (f), 2699, and 2699.3, to recover a penalty of $750.

118. PLAINTIFF has complied with the Notice requirements of Labor Code § 2699.3(a)(1), as set for in paragraph 2 regarding the violations of the Labor Code alleged in this cause of action, prior to commencing this action. PLAINTIFF therefore has a private right of action against LSU, LSU-AMC, BARROW, DOES 1-10, and DOES 11-20 for penalties under Labor Code §§ 2698-2699.5.

///

///

///

///

**EIGHTH CAUSE OF ACTION**

**(Wrongful Termination in Violation of Public Policy Against LSU, LSU-AMC, BARROW, DOES 1-10, and DOES 11-20)**

119.    PLAINTIFF re-alleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

120.    PLAINTIFF'S employment was wrongfully terminated, in violation of fundamental public policies of the State of California, with respect to retaliation for pursuing a wage and hour employment claim against DEFENDANTS for misclassification as an exempt employee and failure to properly compensate PLAINTIFF under the law of California. These public policies are stated in the <u>Fair Employment and Housing Act</u> ("FEHA"), the <u>California Labor Code</u>, the <u>California Constitution</u> and in other common law statutes.

121.    PLAINTIFF'S termination was wrongful and in violation of the fundamental principles of the public policy of the State of California as reflected in its law, objective and policies. The conduct that violated these policies is stated above in greater detail and consists generally of the fact that PLAINTIFF was terminated as a direct result of making a bone fide complaint about his employee classification and improper compensation, including unpaid overtime.

122.    As a direct and foreseeable result of the aforesaid acts of DEFENDANTS, PLAINTIFF lost and will continue to lose income in an amount to be proven at the time of trial. PLAINTIFF has also incurred costs and attorney fees.

123.    As a result of the aforesaid acts of DEFENDANTS, PLAINTIFF has become mentally and physically upset, distressed and aggravated. PLAINTIFF claims general and punitive damages for such physical and emotional distress and aggravation in a sum to be proven at trial.

///

///

LAW OFFICES OF
GREGORY A.
DOUGLAS

## NINTH CAUSE OF ACTION

## (Wrongful Termination in Violation of Labor Code § 98.6 Against LSU, LSU-AMC, DOES 1-10, and DOES 11-20)

124.     PLAINTIFF re-alleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

125.     Cal. Lab. Code § 98.6(a) states that, no person shall discharge an employee or in any manner discriminate against any employee or applicant for employment because the employee or applicant engaged in any conduct delineated in the chapter, or because the employee or applicant for employment has filed a bona fide complaint or claim or instituted or caused to be instituted any proceeding under or relating to his or her rights, which are under the jurisdiction of the Labor Commissioner, or because the employee has initiated any action or notice pursuant to Section 2699…

126.     Cal. Lab. Code § 98.6(b) states that, any employee who is discharged, threatened with discharge, demoted, suspended, or in any other manner discriminated against in the terms and conditions of his or her employment because the employee engaged in any conduct delineated in the chapter, or because the employee has made a bona fide complaint or claim to the division pursuant to this part, or because the employee has initiated any action or notice pursuant to Section 2699 shall be entitled to reinstatement and reimbursement for lost wages and work benefits caused by those acts of the employer.

127.     As a direct result of PLAINTIFF making a bone fide complaint about his employee classification and improper compensation, including unpaid overtime, PLAINTIFF was wrongfully terminated from his employment.

128.     PLAINTIFF received no written or verbal warnings relating to poor work performance until PLAINTIFF making a bone fide complaint about his employee classification and improper compensation, including unpaid overtime.

**PLAINTIFF'S COMPLAINT**

LAW OFFICES OF GREGORY A. DOUGLAS

129.     Cal. Lab. Code § 98.6 provides for a civil penalty, including but not limited to lost wages and work benefits, to be assessed against any employer or other person acting on behalf of an employer who violates, or causes to be violated, a provision of the California Labor Code regulating discrimination against any employee engaged in any conduct delineated in the Labor Code section.

130.     As a direct and foreseeable result of the aforesaid acts of DEFENDANTS, PLAINTIFF lost and will continue to lose income in an amount to be proven at the time of trial. PLAINTIFF has also incurred attorney fees.

131.     As a result of the aforesaid acts of DEFENDANTS, PLAINTIFF has become mentally and physically upset, distressed and aggravated. PLAINTIFF claims general and punitive damages for such physical and emotional distress and aggravation in a sum to be proven at trial.

## TENTH CAUSE OF ACTION

### (Retaliation in Violation of California Labor Code § 1102.5 Against LSU, LSU-AMC, DOES 1-10, and DOES 11-20)

132.     PLAINTIFF re-alleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

133.     DEFENDANTS retaliated against and ultimately constructively terminated PLAINTIFF'S employment in violation of various fundamental public policies underlying both state and federal laws. Specifically, PLAINTIFFs employment was terminated in part because of PLAINTIFF'S protected status (i.e., race, national origin, color…, and/or good faith complaints). These actions were in violation of California Labor Code section 1102.5, the FEHA, and the California Constitution.

134.     At all relevant times, Labor Code section 1102.5 was in effect and binging on DEFENDANTS. This statute prohibits DEFENDANTS from retaliating against any employee, including PLAINTIFF, for making a bone fide complaint about his employee classification and improper compensation, including unpaid overtime.

**PLAINTIFF'S COMPLAINT**

LAW OFFICES OF
GREGORY A.
DOUGLAS

135.    PLAINTIFF raised complaints of illegality, i.e. misclassification as an exempt employee and unpaid overtime. DEFENDANTS retaliated against PLAINTIFF by discriminating against PLAINTIFF, and taking adverse employment actions, including terminating PLAINTIFF'S employment.

136.    As a proximate result of DEFENDANTS' wrongful termination of PLAINTIFF'S employment in violation of fundamental policies, PLAINTIFF has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to PLAINTIFF'S damage in a sum according to proof.

137.    As a result of DEFENDANTS wrongful termination of PLAINTIFF'S employment, PLAINTIFF has suffered general and special damages in sums according to proof.

138.    PLAINTIFF has incurred and continued to incur legal expenses and attorneys' fees. Pursuant to Code of Civil Procedure sections 1021.5 and 1032, et seq., PLAINTIFF is entitled to recover reasonable attorneys' fees and costs in an amount according to proof.

## ELEVENTH CAUSE OF ACTION

### (Retaliation in Violation of California Fair Employment and Housing [Gov. Code § 12940(h)] Against LSU, LSU-AMC, DOES 1-10, and DOES 11-20)

139.    PLAINTIFF re-alleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

140.    Gov. Code § 12940(h) makes it illegal for an employer to discharge, expel, or otherwise retaliate against an employee for engaging in activity protected under the Fair Employment and Housing Act ("FEHA").

141.    KILLEEN reported illegal and fraudulent activity and improper compensation. As a direct result, KILLEEN was retaliated against and terminated from PLAINTIFF'S employment.

LAW OFFICES OF
GREGORY A.
DOUGLAS

**PLAINTIFF'S COMPLAINT**

142.     DEFENDANTS subjected KILLEEN to adverse employment action and ultimately wrongfully terminated KILLEEN.

143.     KILLEEN was harmed by the retaliation.

144.     DEFENDANTS decision to remove KILLEEN from his position was a substantial factor in causing KILLEEN harm.

145.     As a proximate result of DEFENDANTS' willful, knowing, and intentional retaliation of PLAINTIFF, PLAINTIFF has sustained and continued to sustain damages, including losses of earnings and benefits, according to proof.

146.     As a proximate result of DEFENDANTS' willful, knowing, and intentional retaliation of PLAINTIFF, PLAINTIFF has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to PLAINTIFF'S damage in a sum according to proof.

147.     PLAINTIFF has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Govt Code section 12965(b), PLAINTIFF is entitled to recovery reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

**TWELFTH CAUSE OF ACTION**

**(Failure to Prevent Harassment and Retaliation [Cal. Govt. Code § 12900 et seq.]**
**Against LSU, LSU-AMC, DOES 1-10, and DOES 11-20)**

148.     PLAINTIFF re-alleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

149.     California Government Code Section 12940(k) makes it an unlawful employment practice for an employer to "fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring." DEFENDANTS, and each of them violated this provision including, but not limited to allowing said harassment to continue; failing to discipline and stop said harassment; failing to appropriately investigate PLAINTIFF'S complaints of wage violations.

150.    PLAINTIFF began experiencing severe retaliation after making a bone fide complaint about his employee classification and improper compensation, including unpaid overtime. PLAINTIFF reported and attempted to escalate PLAINTIFF'S complaints of retaliation and harassment to no avail.

151.    As a direct and proximate result of the unlawful conducts of DEFENDANTS, PLAINTIFF has suffered general damages including but not limited to shock, embarrassment, physical distress and injury, emotional distress, stress and other damages to be proven at the time of trial.

## THIRTEENTH CAUSE OF ACTION

### (Wrongful Termination – Violation of Public Policy – FEHA, Govt. Code §§ 12940, et seq. Against LSU, LSU-AMC, DOES 1-10, and DOES 11-20)

152.    PLAINTIFF re-alleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

153.    It is the public policy of the State of California that employers shall not engage in retaliation against employees who make or file any bona fide complaint or claim with regard to his or her rights which are under the jurisdiction of the Labor Commissioner or the DFEH. DEFENDANTS violated the public policy of California, and statutory dictate, embodied in Government Code section 12940 and the California Constitution by taking adverse employment actions against PLAINTIFF, up to and including terminating his employment in retaliation for asserting his rights to be free from discrimination based upon activities protected under FEHA and Govt. Code section 12900, *et seq...*

154.    PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT'S decision to remove PLAINTIFF from PLAINTIFF'S position and wrongfully terminate PLAINTIFF'S employment was motivated by PLAINTIFF making a bone fide complaint about his employee classification and improper compensation, including unpaid overtime. No portion of the applicable statutory

provisions alleged to be violated in this case exempts the DEFENDANTS from the statutory provision. Terminating an employee due to an employee's engagement in protected activity is a fundamental public policy violation.

155.     As a direct and proximate cause of the DEFENDANT'S unlawful, wrongful, intentional, discriminatory and retaliatory conduct, PLAINTIFF suffered and continues to suffer emotional distress, worry, humiliation, mental anguish, anxiety, loss of enjoyment of life and related general damages, past and future, medical and out-of-pocket economic and incidental expenses, past and future, lost earnings and loss of career opportunities, past and future, attorney's fees and costs in an amount according to proof.

156.     As a further proximate result of the wrongful acts of DEFENDANTS, and each of them, PLAINTIFF has been harmed in that PLAINTIFF will suffer future damage for loss of the wages, benefits, and additional amounts of money PLAINTIFF would have received if PLAINTIFF had continued to work for DEFENDANTS in an amount within the jurisdiction of the Superior Court of the State of California.

## FOURTEENTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress Against ALL DEFENDANTS)

157.     PLAINTIFF re-alleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

158.      The conduct of the employees in a management position at LSU, LSU-AMC,  including DEFENDANT BARROW, as set forth above, was extreme and outrageous. DEFENDANTS knew that the unlawful, and retaliatory conduct would likely result in harm.

159.     The conduct of LSU, LSU-AMC, BARROW, and other LSU and/or LSU-AMC employees was intended to cause severe emotional distress or was done in conscious disregard of the probability of causing such distress. Said conduct exceeded the inherent risks of employment and was not the sort of conduct normally expected to

occur in the workplace. DEFENDANTS and their employees abused their positions of authority, and engage in conduct intended to threaten, humiliate, and embarrass PLAINTIFF and convey that she was powerless against them.

160.    DEFENDANTS' supervisors and/or management personnel were notified of said conduct, yet took no subsequent steps to end the harassment, thus failing to protect PLAINTIFF from the harm.

161.    As a proximate and legal result of DEFENDANTS retaliatory actions against PLAINTIFF, PLAINTIFF has been harmed in that she suffered and continues to suffer severe physical sickness and injury, emotional distress, including nervousness, grief, anxiety, worry, shock, embarrassment, humiliation, indignity, apprehension, depression, guilt, and sadness, all in amounts according to proof.

## FIFTEENTH CAUSE OF ACTION

### (Negligent Infliction of Emotional Distress Against ALL DEFENDANTS)

162.    PLAINTIFF re-alleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

163.    In carrying out the above conduct, DEFENDANTS were negligent because they breached their duty to provide PLAINTIFF with a workplace free from retaliation, discrimination, and harassment, thereby abusing their positions of authority. DEFENDANTS were aware of discriminatory, harassing and retaliatory conduct because PLAINTIFF reported it to the supervisors and/or management. The conduct of DEFENDANTS and DEFENDANTS employees/agents and management personnel exceeded the inherent risks of employment and was not the sort of conduct a reasonable person could cope with and expect to occur within the workplace.

164.    DEFENDANTS knew, or should have known, that the unlawful conduct would cause PLAINTIFF extreme and serious emotional distress.

165.    As a proximate and legal result of DEFENDANTS retaliatory actions against PLAINTIFF, PLAINTIFF has been harmed in that he suffered and continues to

LAW OFFICES OF
GREGORY A.
DOUGLAS

suffer severe physical sickness and injury, emotional distress, including nervousness, grief, anxiety, worry, shock, embarrassment, humiliation, indignity, apprehension, depression, guilt, and sadness, all in amounts according to proof.

166.    As a result of DEFENDANTS actions, PLAINTIFF sustained economic damages to be proven at trial. As a further result of DEFENDANTS actions, PLAINTIFF suffered emotional distress; resulting in damages to be proven at trial.

167.    DEFENDANTS misconduct was committed intentionally, in a malicious, oppressive, fraudulent manner, entitling PLAINTIFF to punitive damages against DEFENDANTS according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays this Court enter judgment in favor of Plaintiff, and against Defendants, and each of them, as follows:

1. For compensatory damages as may be established according to proof at trial;

2. For all unpaid wages as may be established according to proof at trial;

3. For liquidated damages as may be established according to proof at trial;

4. For prejudgment and post-judgment interest on all damages awarded, at the legal rate;

5. For all statutory and civil penalties as may be established according to proof at trial;

6. Damages for meal premiums not paid to PLAINTIFF in an amount to be determined at trial;

7. For punitive damages;

8. For general and special damages;

9. For reasonable attorney's fees;

10. For costs of suit incurred;

11. For restitution of all monies due to PLAINTIFF, and disgorgement of profits from the unlawful business practices of DEFENDANTS, and each of them;

12. For a preliminary and permanent injunction ordering DEFENDANTS, and each of them, to cease such unlawful and unfair practices as alleged hereinabove and proved to the Court at the time of trial, requiring the establishment of appropriate and effective means to prevent future violations; and

13. For such other and further relief as the Court deems just and proper.

DATED: May 4, 2023            **LAW OFFICES OF GREGORY A. DOUGLAS**


GREGORY A. DOUGLAS
Attorneys for Plaintiff, THOMAS KILLEEN